IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DR. MARK E. VAN DYKE, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 7:21cv290 |
| WAKE FOREST UNIVERSITY HEALTH SCIENCES; KERANETICS, INC.; VIRTUE LABS, LLC; LUKE BURNETT; KIM WESTMORELAND; and CHARLES W. "TODD" JOHNSON, | ) |
| *Defendants*. | ) |

## NOTICE OF REMOVAL

Defendant KeraNetics, Inc. ("KeraNetics") hereby removes the above-captioned matter under 28 U.S.C. §§ 1441 and 1446 to this Court from the Circuit Court for the County of Montgomery (the "State Court").

## BACKGROUND

1. Plaintiff Dr. Mark E. Van Dyke ("Plaintiff") filed this lawsuit in the State Court on or about May 15, 2020. A copy of Plaintiff's May 2020 Complaint is attached as **Exhibit A**. The parties to that May 2020 Complaint are the same as the parties listed above in the caption, except that Plaintiff named KeraNetics, *LLC*—rather than KeraNetics, *Inc.*—as a Defendant.

2. On or about June 22, 2020, the State Court entered an Order Allowing Amended Complaint. The State Court noted in that Order that "[s]ervice on Defendants has not been requested or attempted." The Court also explained that Plaintiff "discovered that KeraNetics, LLC was merged into another corporate entity and then renamed KeraNetics, Inc., which is the successor-in-interest entity to the previously named KeraNetics, LLC." In the proposed

Amended Complaint, Plaintiff "named the current successor-in-interest legal entity, KeraNetics, Inc., in place of the previously named KeraNetics, LLC, as Defendant." A copy of the Order Allowing Amended Complaint is attached as **Exhibit B**.

3. On or about June 22, 2020, Plaintiff filed an Amended Complaint in this action. A copy of Plaintiff's Amended Complaint is attached as **Exhibit C.**

4. On or about May 7, 2021, the State Court issued Summonses for KeraNetics and the other Defendants.

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a). Complete diversity exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

6. There is complete diversity because Plaintiff is a citizen of Arizona, and none of the Defendants is an Arizona citizen.

7. Plaintiff is a resident of Pima County, Arizona. Plaintiff alleges in the Amended Complaint that, as of June 22, 2020, he was "an individual residing in the County of Montgomery, Virginia, who is an Associate Professor of Biomedical Engineering at Virginia Polytechnic Institute and State University." Am. Compl. ¶ 1. In August 2020, however, the University of Arizona College of Engineering, in Pima County, announced that Plaintiff is "joining the college as the associate dean for research." The University of Arizona College of Engineering likewise announced on September 9, 2020, that it had "welcomed Mark Van Dyke as the associate dean for research, with a joint appointment in biomedical engineering." Plaintiff's University of Arizona biography states under "Work Experience" that his relationship with Virginia Polytechnic Institute and State University lasted "2012 – 2020," while his relationship with the University of Arizona, Tucson, Arizona began in "2020" and is "Ongoing."

Consistent with those announcements and that biography, Plaintiff co-purchased a residence in Pima County in 2020, which residence he continues to co-own.

8. Defendant Wake Forest University Health Sciences is (and since the filing of this action has been) a non-profit corporation incorporated in North Carolina that has (and since the filing of this action has had) its principal place of business in Winston-Salem, North Carolina. *See* Am. Compl. ¶ 2.

9. Defendant KeraNetics, Inc. is (and since the filing of this action has been) incorporated in Delaware and has (and since the filing of this action has had) its principal place of business in Winston-Salem, North Carolina. *See* Am. Compl. ¶ 3.

10. Defendant Virtue Labs, LLC, is (and since the filing of this action has been) "a Delaware limited liability company that is registered and authorized to transact business in North Carolina and that has its principal place of business in Raleigh, North Carolina." Am. Compl. ¶ 4. On information and belief, all of Virtue Labs' members are (and since the filing of this action have been) residents of states other than Arizona; Virtue Labs has (and since the filing of this action has had) no member that is an Arizona resident.

11. Defendant Luke Burnett "is [and since the filing of this action has been] a natural person, citizen and resident of North Carolina." Am. Compl. ¶ 5.

12. Defendant Kim Westmoreland "is [and since the filing of this action has been] a natural person, citizen and resident of North Carolina." Am. Compl. ¶ 6.

13. Defendant Charles W. "Todd" Johnson "is [and since the filing of this action has been] a natural person, citizen and resident of North Carolina." Am. Compl. ¶ 7.

14. The Amended Complaint establishes that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. For example, Plaintiff demands "compensatory damages . . . in an amount not less than $146,000,000." Am. Compl. ¶ 47.

15. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Circuit Court for the County of Montgomery is located within the Western District of Virginia.

16. Pursuant to 28 U.S.C. § 1446(d), KeraNetics will promptly give written notice of this removal to all adverse parties and will file a copy of this Notice of Removal with the Circuit Court for the County of Montgomery.

17. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because KeraNetics has not yet been served with the Complaint, Amended Complaint, or Summonses. Indeed, KeraNetics has no knowledge that any other Defendant has been served with the Complaint, Amended Complaint, or Summonses.

18. KeraNetics intends to file a motion under Federal Rule of Civil Procedure 12(b) within the period allowed by Federal Rule of Civil Procedure 81(c)(2). Consistent with Federal Rule of Civil Procedure 12(h), KeraNetics preserves all defenses, including (without limitation) the defense of lack of personal jurisdiction.

Dated: May 12, 2021

Respectfully submitted,

/s/ *Lela M. Ames*
Lela M. Ames (VSB No. 75932)
WOMBLE BOND DICKINSON (US) LLP
1200 Nineteenth Street, N.W., Suite 500
Washington, DC 20036
Telephone: 202-857-4427
Facsimile: 202-261-0029
Email: Lela.Ames@wbd-us.com

*Counsel for KeraNetics, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system.

I hereby further certify that a copy of the foregoing Notice of Removal was served by U.S. mail on the following counsel of record:

James R. Creekmore
The Creekmore Law Firm PC
318 N. Main Street
Blacksburg VA 24060

*Counsel for Plaintiff*

Dated: May 12, 2021

/s/ *Lela M. Ames*
Lela M. Ames